IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FIRSTLINER INDUSTRIES, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-587 |
| GROUND AND PIPE TECHNOLOGIES, L.L.C | § § § § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Now before the Court comes Defendant's Motion to Transfer Venue to the Northern District of Florida. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Northern District of Florida, Pensacola Division.

I.    Background

Plaintiff is a manufacturer of products used to line sewer systems in need of repair and rehabilitation. Defendants are in the business of sewer line repair and entered into a contract with Plaintiff to supply goods to be used in a sewer project in Fort Walton Beach, Florida. Defendant has refused to pay for the goods, alleging that they were defective, and Plaintiff has sued to recover the unpaid balance due on the goods. Prior to the filing of this suit, Defendant filed suit in Okaloosa County Circuit Court against Plaintiff alleging damages as a result of the defective products. Plaintiff removed the case and filed counterclaims alleging substantially identical claims to those asserted here. That case is currently pending in the United States District Court for the Northern

1

District of Florida, Pensacola Division. Defendant now moves to transfer this case to the Northern District of Florida arguing that transfer is appropriate where there is previously filed and similar litigation pending in another District Court.

II.     Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

The Fifth Circuit has also adopted a first-to-file rule which provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear

it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *see Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The first-to-file rule is "grounded in principles of comity and sound judicial administration," which requires "courts of coordinate jurisdiction and equal rank [] to exercise care to avoid interference with each other's affairs." *Id.* (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The crucial inquiry under the first-to-file rule is whether there is substantial overlap between the two cases. *See Save Power Ltd.*, 121 F.3d at 950-51. If the overlap between the two cases is less than complete, then the court making the determination whether to transfer the case should consider whether the cases would be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute. *See id.* (citing *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). The three primary concerns of the rule are: (1) to "avoid the waste of duplication;" (2) to "avoid rulings which may trench upon the authority of sister courts;" and (3) to "avoid piecemeal resolution of issues that call for a uniform result." *See Save Power Ltd.*, 121 F.3d at 950.

The first-to-file rule applies whether the related cases are pending before different judges in different divisions within a single district, or in two different districts. Once the subsequent court determines that the issues substantially overlap, it should transfer the case to the first-filed court for that court to determine the outcome of the second suit. *See Cadle Co.*, 174 F.3d at 606.

III.    Analysis

The factors typically considered by this Court upon a Motion to Transfer are as outlined above and include, convenience of the witnesses, location of books and records, plaintiff's choice

3

of forum, and place of the alleged wrong. This case has substantial connection with Florida and Texas, with important witnesses located in both places. This case could have been brought in either Florida or Texas and could appropriately proceed in either location but for the first-to-file rule. In other cases with substantial connections to two districts, the deference owed to plaintiff's choice of forum generally militates against transfer. However, in this case, established Fifth Circuit precedent mandates transfer based on the pendency of substantially overlapping litigation in a sister court, and the remaining analysis is focused on that standard.

The overlap between this case and that pending in Florida is complete. The Parties and claims in each case are identical. There is an undeniable likelihood of conflict if this case is allowed to proceed along with that in Florida. As in *Save Power*, the nature of these cases allows for determinations in two different courts that could create direct and irreconcilable conflict. *See Save Power Ltd.*, 121 F.3d at 951. Accordingly, any ruling by this Court would most assuredly "trench upon the authority" of its sister court in Florida. The Florida Court already has familiarity with these exact facts and parties and is the appropriate court to preside over this dispute.

The first-to-file rule was devised for exactly this type of case. There is no conceivable reason that the rule should not be applied here, and Plaintiff does not offer one. Accordingly, Defendant's Motion to Transfer is **GRANTED**. This case is hereby **TRANSFERRED** to the Northern District of Florida, Pensacola Division. Any pending Motions not previously addressed by the Court are hereby **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 31st day of October, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge